UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMY WELS,<br><br>    Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION and DONALD WALLIS,<br><br>    Defendants. | Case No: C 14-0200 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Dkt. 15 |

Plaintiff Amy Wels commenced the instant personal injury lawsuit against Defendant Starbucks Corporation ("Starbucks") and store manager Donald Wallis ("Wallis") in San Francisco County Superior Court. Defendants subsequently removed the action on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The parties are presently before the Court on Plaintiff's Motion for Remand of Action to State Court. Dkt. 15. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to remand and DENIES Plaintiff's related request for an award of fees. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

On June 7, 2013, Plaintiff was at a Starbucks store located in San Francisco managed by Defendant Wallis. While Plaintiff was waiting in line, another customer became involved in a heated discussion with a Starbuck's employee. During the course of the argument, the customer picked up a metal display and hurled it in Plaintiff's direction. The display landed on Plaintiff's foot and resulted in an injury that eventually required

surgery. Plaintiff alleges that Starbucks was on notice of the customer's violent tendencies based on its prior encounters with him, but did nothing to protect its patrons.

On August 7, 2013, Plaintiff filed suit against Starbucks and Wallis in state court. The California Judicial Council form complaint alleges causes of action for negligence and premises liability, and seeks damages for wage loss, medical expenses and lost earning capacity. No specific amount of damages is alleged in the pleadings.[1]

In late August 2013, Plaintiff and Defendants, through their respective counsel, began corresponding by email to explore settlement. On August 28, 2013, Plaintiff confirmed that her plan was to make a formal settlement demand within two months. Caleo Decl. Ex. D, Dkt. 19-5. On October 29, 2013, Plaintiff reiterated her intention to send Starbucks a "demand package." Id. Plaintiff further indicated that she earns $137,000 per year, and will miss "6 full months of work" due to her injuries. Id.

The next day, Defendants acknowledged to Plaintiff's attorney that "it appears your client will likely proffer a sizable demand to Starbucks given the damages you alluded to in your recent emails," and that "if you believe your client's demand will fall in the 6-figure range, it will be necessary for Starbucks to answer and conduct discovery." Id. In response, counsel confirmed, "Yes, the [settlement] demand will undoubtedly be in the multiple six figures," and as such, he anticipated that Defendants would answer the complaint and begin serving discovery shortly. Id. Plaintiff's counsel also indicated that he also planned to serve discovery and inquired where to direct such requests. Id.

Though not entirely clear, it appears that the parties subsequently engaged in discussions regarding Defendants' possible removal of the action to federal court. During the course of those discussions, Plaintiff's counsel stated in an email sent on December 14, 2013, that "Plaintiff seeks damages in excess of $75,000." Id. Ex. E, Dkt. 19-6.

On January 13, 2014, Defendants removed the action on the basis of diversity jurisdiction. Plaintiff now moves to remand the action on the grounds that the removal is

---

[1] No specific facts are alleged in the pleadings to establish personal liability on the part of Wallis.

untimely and complete diversity is lacking because Plaintiff and Wallis are both citizens of California. Plaintiff also seeks recovery of $4,000 in fees and costs incurred as a result of the alleged improper removal, pursuant to 28 U.S.C. § 1447(c). Defendants deny that their notice of removal is untimely and counter that Wallis is a "sham" defendant whose citizenship should be disregarded for purposes of ascertaining the existence of diversity jurisdiction. The matter is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. See 28 U.S .C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244. As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III.  DISCUSSION

### A.   REMAND

Under to 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that originally could have been filed here. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts are court of limited jurisdiction, and only possess subject matter jurisdiction in civil cases based on federal question or diversity jurisdiction. Id.; 28 U.S.C. §§ 1331, 1332. To invoke diversity jurisdiction, the complaint must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States ... [or] citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a). To invoke federal question jurisdiction, the complaint must allege that the "action[ ] aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In order to remove a case to federal court, a defendant is required to file a notice of removal within the thirty-day time limit set forth in 28 U.S.C. § 1446(b). Under this section, a defendant must file a notice of removal, inter alia, either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) "[i]f the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." Id. (emphasis added). "When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006). A defendant's failure to timely remove may result in the waiver of a federal forum. Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994).

Here, there is no dispute between the parties that the pleadings do not disclose facts sufficient to commence the thirty-day clock for removal under § 1446(b). Consequently, the salient issue presented is *when*—during the course of their email correspondence with Plaintiff—Defendants received sufficient facts to conclude that the action is removable. See Babasa v. LensCrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007) ("'[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'") (quoting Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)).

Defendants claim that they were not on notice that at least $75,000 was in controversy until December 14, 2013, when Plaintiff confirmed in an email that she is seeking "damages in excess of $75,000," and that they timely filed their notice of removal within thirty days of that date. See Calso Decl. Ex. D. This contention lacks merit. The record shows that, well before that email, Defendants had "enough facts" to ascertain that the requisite amount was in controversy for purposes of removal. See Durham, 445 F.3d at 1253. In particular, on October 30, 2013, over two months prior to filing their notice of removal, Defendants received an email from Plaintiff responding to Defendants' inquiry as

to whether the Plaintiff's demand would "fall in the 6-figure range." Id.  Plaintiff responded:  "Yes, the demand will *undoubtedly* be in the *multiple six figures*." Id. (emphasis added).

Defendants argue that Plaintiff's reference to "multiple six figures" is inapposite because it merely estimates what Plaintiff was likely to demand, as opposed to being an actual settlement demand.  However, for purposes of assessing whether the thirty-day time period has been triggered under § 1446(b), it is sufficient that the letter simply provide a "reasonable estimate" of the plaintiff's claim.  Babasa, 498 F.3d at 975.  In this case, Defendants advised Plaintiff that if her demand were to "fall within the 6-figure range," they would answer the complaint and commence discovery.  Caleo Decl. Ex. D.  Plaintiff immediately confirmed that, in fact, she "undoubtedly" will demand "multiple six figures." Id.  Moreover, Plaintiff stated that in view of the amount in dispute, she anticipated that Defendants would file their answer and begin serving discovery and correspondingly inquired to whom she should serve her discovery requests.  Id.  Given Plaintiff's confirmation that "a multiple six figure[]" sum was in controversy, the Court finds that as of October 30, 2013, Defendants had "enough facts" to ascertain whether the action was removable on diversity grounds.  Because Defendants filed their notice of removal more than thirty days after that date, the removal is untimely.[2]

**B.     SANCTIONS**

Plaintiff requests an award of $4,000 under 28 U.S.C. § 1447(c).  Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just

---

[2] The Court finds no merit to Plaintiff's alternative contention that there is a lack of diversity between Plaintiff and Wallis, as it is clear that Wallis was fraudulently joined to destroy diversity.  A party is fraudulently joined where there is "no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant."  Plute v. Roadway Package Sys., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Here, at the time of the incident, Wallis was acting within the course and scope of his employment as a Starbucks store manager.  In the absence of any facts establishing that Wallis' individual conduct (which is not otherwise specific in the pleadings) was for his own benefit, he cannot be held *personally* liable for Plaintiff's injuries.  See McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that company manager acting on behalf of his employer was fraudulently joined in a wrongful termination action).

costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, the Court finds that Defendants' arguments, while ultimately unpersuasive, are not objectively unreasonable.  Plaintiff's request for sanctions is therefore denied.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand is GRANTED.

2. The instant action is REMANDED to the San Francisco County Superior Court.  The Clerk shall close the file and terminate any pending matters and deadlines.

3. Plaintiff's request for an award of fees and costs is DENIED.

IT IS SO ORDERED.

Dated: March 4, 2014

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge